# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JORGE RODRIGUEZ,

                              Petitioner,                    **REPORT AND**
                                                            **RECOMMENDATION**
        -against-
                                                            10 Civ. 0396 (VB)(GAY)
WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,[1]

                              Respondent.
-------------------------------------------------------X


TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:

        Petitioner Jorge Rodriguez ("petitioner") has filed a *pro se* Amended Petition

seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set

forth below, I respectfully recommend that the Court deny the Petition in its entirety.


## I. PROCEDURAL BACKGROUND

        On March 24, 2006, a Rockland County Court jury found petitioner guilty of

second degree burglary (N.Y. Penal Law § 140.25) and fifth degree criminal possession

of stolen property (N.Y. Penal Law § 165.40).  See Trial Transcript, March 24, 2006, at

122-26.  At the close of a hearing held May 25, 2006, the County Court (Nelson, J.)

adjudicated petitioner a persistent violent felony offender pursuant to New York Penal

Law § 70.08.  See Hearing Transcript, at 31-32.  On July 12, 2006, petitioner was

sentenced accordingly to concurrent terms of imprisonment of twenty-one years to life

---

[1] William Lee, the current Superintendent of Green Haven Correctional Facility, is
substituted for Harold D. Graham.  See Fed. R. Civ. P. 25(d).

(burglary) and one year (possession of stolen property).  <u>See</u> Respondent's Affidavit in Opposition, at 2.

Petitioner (by and through counsel) timely appealed the judgment of conviction to the Appellate Division, Second Department, wherein he asserted that he should not have been sentenced as a persistent violent felony offender because his two prior convictions for second degree burglary could not serve as a predicate for the enhanced classification.  <u>See</u> Appellant's Brief, attached as Exhibit B to Respondent's Affidavit in Opposition.  Specifically, petitioner challenged the use of his 1985 conviction on the grounds that (1) the 1985 court did not define him as a violent predicate offender and his sentence did not reflect that of a violent offender, (2) the conviction was too remote and (3) the 1985 court refused to allow him to withdraw his plea prior to sentencing. <u>See id.</u> at 16-22.  Petitioner also argued that his 1996 conviction could not serve as a predicate felony conviction because the 1996 court did not inform him that the conviction would subject him to an enhanced penalty as a persistent violent felony offender if he committed another violent felony offense in the future.  <u>See id.</u> at 23-26.

By Decision and Order dated March 25, 2008, the Second Department affirmed petitioner's sentence.  <u>See People v. Rodriguez</u>, 49 A.D.3d 903, 854 N.Y.S.2d 496 (2d Dep't 2008).  The New York Court of Appeals denied petitioner leave to appeal on September 12, 2008.  <u>See People v. Rodriguez</u>, 11 N.Y.3d 794, 896 N.E.2d 106, 866 N.Y.S.2d 620 (2008).

Petitioner filed his original *pro se* Petition on or about December 3, 2009 wherein he asserted the same claims raised on direct appeal.  Respondent filed its opposition in April, 2010.  Following multiple extensions of time within which to file a reply, petitioner

filed his traverse on or about March 17, 2011. The traverse contained numerous claims not raised in the original Petition. On or about June 22, 2011, petitioner requested a stay of the Petition to allow him to exhaust the claims asserted in his traverse via a motion to vacate pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"). By Order dated July 14, 2011, the undersigned granted petitioner's application and stayed the instant matter pending exhaustion of the claims raised in petitioner's traverse.

On or about August 24, 2011, petitioner filed a CPL 440.10 motion wherein he alleged that trial counsel was ineffective because she failed to advise petitioner of (1) the court's plea offer of a determinate ten year sentence and (2) the potential sentence exposure after trial. See Exhibit A attached to Respondent's Supplemental Affirmation in Opposition.[2] By Decision and Order dated November 21, 2011, the Supreme Court, Rockland County (Kelly, J.) denied petitioner's motion. See Supp. Exh. D. On December 7, 2012, the Second Department denied petitioner's request for leave to appeal the denial of his 440.10 motion. See Supp. Exh. G.

On or about February 19, 2013, petitioner filed the instant *pro se* Amended Petition claiming trial counsel was ineffective because she failed to communicate the court's plea offer of a determinate ten year sentence. See Amended Petition, at 2-4. Additionally, in his Reply Declaration dated April 30, 2013, petitioner alleges (for the first time) that trial counsel was ineffective for failing to correct a discrepancy in petitioner's felony classification which, according to petitioner, resulted in increased sentencing

---

[2] Hereinafter, all citations to "Supp. Exh. ___" refer to exhibits attached to respondent's Supplemental Affirmation in Opposition.

exposure. <u>See</u> Petitioner's Reply Declaration in Opposition to Respondent's Answer Dismissing the Writ of Habeas Corpus, at 17-21.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). <u>See</u> 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court's decision is "contrary to" clearly established Federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]." <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000). As to the "unreasonable application" prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>See</u> <u>id.</u> at 411. A state court decision involves an

-4-

"unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." See id. at 407.  However, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." See Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted).  In other words, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

Finally, under the AEDPA, the factual findings of state courts are presumed to be correct. See 28 U.S.C. §2254(e)(1); see also Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997).  The petitioner must rebut this presumption by "clear and convincing evidence." See 28 U.S.C. §2254(e)(1).

## III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Pursuant to clearly established Supreme Court law, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).  In assessing claims of ineffective counsel, "judicial scrutiny of counsel's performance must

be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Under Strickland's two-pronged test, petitioner will prevail on his ineffective assistance claim if he demonstrates (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." See id. at 694. Both prongs of the test must be met in order for petitioner to prevail. See United States v. Campbell, 300 F.3d 202, 214 (2d Cir. 2002). To that end, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which [the Supreme Court] expect[s] will often be so, that course should be followed." See Strickland, 466 U.S. at 697.

A. Plea Offer

Petitioner alleges trial counsel was ineffective because she failed to inform petitioner that, at his arraignment on August 19, 2005, Judge Kelly offered a ten-year sentence in exchange for petitioner's plea to the top count of the indictment. Petitioner raised an identical argument as the basis for his CPL 440.10 motion; the state court denied petitioner's 440.10 motion on the following grounds:

> The alleged failure by counsel to convey the content of plea negotiations in this case does not amount to the ineffective assistance of counsel. People v. Rose, 57 N.Y.2d 837 (1982). Even assuming the Court offered a sentence of ten years at the arraignment, the failure to pursue that plea deal did not constitute ineffective assistance, as the Court could not legally impose the promised sentence. The minimum legal sentence was sixteen years to life. As he could not legally accept the offer, there was no prejudice to the defendant. People v. Culpepper, 149 Misc.2d 550 (Sup. Ct. Kings Co. 1990).

See Supp. Exh. D.

-6-

The undersigned agrees:  petitioner cannot show that he was prejudiced by trial counsel's error because state law prohibited the trial court from sentencing petitioner in accordance with the plea deal trial counsel allegedly failed to communicate. Specifically, petitioner alleges trial counsel failed to communicate the trial court's offer of a determinate ten year sentence in exchange for petitioner's guilty plea to the "top count" of the indictment.  Although there is some discrepancy in the record as to whether the ten year sentence was offered in exchange for petitioner's plea to a Class B or C violent felony offense, it is of no moment.  Pursuant to New York Penal Law § 70.08(3)(b), the mandatory minimum permissible sentence for petitioner's plea to the lesser Class C violent felony offense was an indeterminate prison term of sixteen years to life.  Indeed, the trial court "withdrew" its unauthorized plea offer at petitioner's next appearance date.  See Respondent's Supplemental Memorandum of Law, at 9.  Thus, plaintiff suffered no prejudice as a result of defense counsel's failure to communicate an unauthorized, unenforceable plea offer.  The state court decision rejecting this claim, therefore, was not contrary to, nor did it amount to an unreasonable application of, federal law as established by the Supreme Court.  Accordingly, I conclude, and respectfully recommend, that petitioner is not entitled to habeas relief on the first ground of his ineffective assistance of trial counsel claim.

B.  Discrepancy in Felony Classification

In his Reply Declaration dated April 30, 2013, petitioner alleges (for the first time) that trial counsel was ineffective for failing to correct a discrepancy in petitioner's felony classification which, according to petitioner, resulted in increased sentencing exposure. Although said claim is unexhausted, this Court has discretion to review and deny a

-7-

mixed petition containing both exhausted and unexhausted claims if those unexhausted claims are "plainly meritless." See Rhines v. Weber, 544 U.S. 269, 277 (2005); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

The gist of petitioner's argument is that he was prejudiced by trial counsel's failure to correct a "discrepancy" in his felony classification. Specifically, petitioner notes that respondent referred to him as a "persistent violent felony offender" at his arraignment on August 19, 2005 but, at his next court date (September 14, 2005), Judge Kelly stated petitioner "appears to be a mandatory persistent felon under 70 point 08 of the Penal Law, . . ." See Supp. Exh. H. Contrary to petitioner's claim, the "discrepancy" he cites is of no consequence. Penal Law § 70.08 sets forth mandatory minimum prison sentences for *persistent violent felony offenders*. On May 25, 2006, petitioner was adjudicated a persistent violent felony offender and, on July 12, 2006, he was sentenced under the guidelines of Penal Law § 70.08. In other words, Judge Kelly's omission of the word "violent" was meaningless and plaintiff suffered no prejudice as a result of defense counsel's failure to correct said "discrepancy." Accordingly, I conclude, and respectfully recommend, that the second ground of petitioner's ineffective assistance of trial counsel claim is plainly meritless and must be denied.

## IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.

Dated: July 31, 2013
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.

-9-