UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JORGE RODRIGUEZ,                              :
                          Petitioner,         :
                                              :        **<u>MEMORANDUM DECISION</u>**
v.                                            :
                                              :        10 CV 396 (VB)
WILLIAM LEE, Superintendent,                  :
Green Haven Correctional Facility,            :
                          Respondent.         :
-----------------------------------------------------------x

<u>Briccetti, J.</u>:

  Before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation

("R&R"), dated July 31, 2013 (Doc. #39), on Jorge Rodriguez's petition for a writ of habeas

corpus.  Judge Yanthis recommended the Court deny the petition.

  For the following reasons, the Court adopts the R&R.  The petition is DENIED.

  Familiarity with the factual and procedural background of this case is presumed; the

Court, therefore, recites only those facts necessary for resolution of petitioner's objections.

I.  <u>Standard of Review</u>

  A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and

recommendation, but they must be "specific[,] written," and submitted within fourteen days after

being served with a copy of the recommended disposition, Fed.R.Civ.P. 72(b)(2); 28 U.S.C.

§ 636(b)(1), or within seventeen days if the parties are served by mail.  <u>See</u> Fed.R.Civ.P. 6(d).

  When a party submits a timely objection to a report and recommendation, the district

court reviews the parts of the report and recommendation to which the party objected under a <u>de</u>

<u>novo</u> standard of review.  28 U.S.C. § 636(b)(1)(C); <u>see also</u> Fed.R.Civ.P. 72(b)(3).  The district

court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it."  Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

II.     Petitioner's Objections

Petitioner, proceeding pro se, timely filed three objections to Judge Yanthis's R&R. (Doc. #43).  Two of these "objections" are new arguments that were never presented for Judge Yanthis's consideration, and are thus an improper basis to challenge the R&R.  See Nelson v. Smith, 618 F. Supp. 1186, 1191 n.5 (S.D.N.Y. 1985).  However, even if petitioner's new claims were proper, they are plainly without merit.

Petitioner argues his prior convictions did not constitute predicate felonies for purposes of adjudicating him a "persistent violent felony offender" under N.Y. Penal Law § 70.08.  On

direct appeal, the Appellate Division, Second Department, considered and rejected this

argument.  See People v. Rodriguez, 49 A.D.3d 903, 854 N.Y.S.2d 496 (2d Dep't 2008).

Petitioner's claim thus represents a challenge to the state court's application of state law, and is

not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)

("[I]t is not the province of a federal habeas court to reexamine state-court determinations on

state-law questions.").

Petitioner further argues the Appellate Division's affirmance of his enhanced sentence is

contrary to the Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276

(2013).  Descamps, however, concerned sentencing enhancements for repeat offenders under the

federal Armed Career Criminal Act, 18 U.S.C. § 924(e), and is thus irrelevant to petitioner's

status as a "persistent violent felony offender" under state law.

Petitioner's remaining objection—that trial counsel was ineffective because she failed to

inform petitioner of a plea offer—merely reiterates an earlier argument made before Judge

Yanthis.  Thus, the Court reviews the R&R for clear error.  Kirk v. Burge, 646 F. Supp. 2d 534,

538 (S.D.N.Y. 2009) (citations omitted).  Having done so, and having found no error, clear or

otherwise, the Court adopts the R&R in its entirety for the reasons stated therein.

## CONCLUSION

Accordingly, the Court adopts Judge Yanthis's thorough and well-reasoned R&R, and the

petition is DENIED.  The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a

certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d

192, 195 (2d Cir. 2005).  In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that

any appeal from this order would not be taken in good faith, and therefore in forma pauperis

status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-

45 (1962).

Dated:  December 9, 2013
        White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge